ANNIE TRAYLOR LARUS *et al. v.* BANK OF COMMERCE &
TRUST CO., *et al.**

(*Jackson.* April Term, 1923.)

1. **WILLS.** Evidence held not to show judgment on contest of will
fraudulent.

In suit to set aside, as a fraud upon complainants, judgment in a
will contest brought by another as contestant, evidence *held* not
to sustain such contention. (*Post, p.* 142.)

2. **CONTINUANCE.** Second continuance held properly denied.

Where a will contest had been once reset for accommodation of
contestant, and in order that he might procure the testimony of
a witness, which he did not attempt to do, *held*, that the court
properly refused to grant contestant a second continuance on ac-
count of the absence of such witness. (*Post, pp.* 142-144.)

3. **CONTINUANCE.** Where continuance denied, party cannot prevent
trial by withdrawing and refusing to introduce testimony.

Where the court properly refused to grant a second continuance
on account of absence of a witness, neither the party applying
therefor, nor his counsel, could prevent a trial of the case by
withdrawing from the courtroom and refusing to introduce any
testimony. (*Post, pp.* 144-146.)

4. **JUDGMENT.** When void may be set aside in equity.

A court of equity has unquestioned jurisdiction to set aside a judg-

---

*On right to dismiss or withdraw proceedings to contest will or
issues thereunder, see note in 19 L. R. A. (N. S.) 121.

On questions relating to admissibility of evidence of capacity in
will cases, see note in 36 L. R. A. 66.

On continuance to procedure witness who is beyond the jurisdic-
tion, see note in L. R. A. 1918E, 527.

Larus v. Bank of Commerce & Trust Co.

ment of the circuit court, when it is obtained by fraud. (*Post.* *pp.* 146, 147.)

Cases cited and approved: John v. Tate, 26 Tenn., 388; Smith v. Harrison, 49 Term., 230; State v. Lancaster, 119 Tenn., 638.

5. **WILLS.** Contestant cannot dismiss suit or withdraw after will has been certified to circuit court, and issues have been made up.

After a will has been certified to the circuit court for contest, and issues have been made up, contestant cannot dismiss the suit or withdraw from the case over the objection of the proponent, and thereby prevent the proponent from having the issue as to the validity of the will determined by verdict and judgment in said proceeding. (*Post,. pp.* 147, 148.)

Cases cited and approved: Hutson v. Sawyer, 104 N. C., 1; Bennett v. Bennett, 106 Md., 122; Benoist v. Murrin, 48 Mt., 48; McMahon v. McMahon, 100 Mo., 99; Bradford v. Blossom, 207 Mo., 107 Mo., 177; Clash v. Lust, 142 Mo., 630; Bradford v. Andrews, 20 Ohio St., 208; Lane v. Hill, 68 N. H., 275.

Case cited and distinguished: Collins v. Collins, 125 S. C., 98.

6. **WILLS.** Judgment on contest is one in rem.

In all cases of contested wills, the circuit court is the court of probate, and in forming an issue on the validity of a will, all persons, interested either for or against it, have the right to be made parties, the proceeding being *in rem*, and the judgment is binding on all persons, whether parties to the record or not. (*Post*, *pp.* 148, 149.)

Cases cited and approved: Patton v. Allison, 26 Tenn., 320; Hodges v. Bauchman, 16 Tenn., 186; Fry v. Taylor, 38 Tenn., 594; Martin v. Stovall, 103 Tenn., 1.

7. **WILLS.** On issue of devisavit vel non, all parties, entitled to prosecute writ of error or file assignments of error.

All parties who would be concluded by the judgment on an issue of *devisavit vel non*, are entitled to prosecute a writ of error; although not parties of record, and similarly all parties who

Larus v. Bank of Commerce & Trust Co.

would be concluded by such judgment are entitled to file assignments of error in the appellate court. (*Post, pp.* 149, 150.)

Case cited and approved:   Linch v. Linch, 69 Tenn., 527.

8. **WILLS.** Abandonment of will contest by one contestant does not necessarily end the lawsuit.

The contest of a will being an action *in rem,* the abandonment of the contest by one contestant does not necessarily end the lawsuit, so long as there are others having an interest who may intervene if they desire. (*Post, pp.* 150, 151.)

9. **WILLS.** Evidence held not to show fraud of proponents in concealing a prior will.

In action to set aside, on the ground of fraud, judgment supporting a will on contest thereof, evidence *held* not to show fraud of proponents in concealing or attempting to suppress a prior will. (*Post, pp.* 151-154.)

10. **EVIDENCE.** Cmplainants introducing immaterial evidence could not deprive defendants of the right to introduce counter evidence.

In a suit to set aside, as fraudulent, judgment in a will contest sustaining the will, although evidence of testatrix's mental incapacity was immaterial, complainants who had introduced evidence of such incapacity could not deprive defendants of the right to introduce counter evidence. (*Post, pp.* 154-157.)

Case cited and approved:   Thomas v. State, 121 Tenn., 83.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. F. H. HEISKELL, Chancellor.

EWING, KING & KING and FRANCIS FENTRESS, for appellants.

WILSON, GATES & ARMSTRONG and FITZHUGH, MURRAH & FITZHUGH, for appellees.

MR. JUSTICE HALL delivered the opinion of the Court.

The original bill in this cause was filed on May 8. 1920, by Annie Traylor Larus and Mary Gavin Traylor against the Bank of Commerce & Trust Company, executor, John Erskine and others, in the chancery court of Shelby county, attacking a judgment of the circuit court of said county for fraud, whereby the will of Mrs. Mary A. Gavin, deceased, bearing date of November 27, 1917, was attempted to be probated in solemn form by the executor thereof.

It appears that in May, 1918, Mrs. Mary A. Gavin of Memphis, Shelby county, Tenn., who was without children or their descendants, died seized of a large estate of real and personal property.

On May 29, 1918, there was probated in common form in the probate court of Shelby county a paper writing, purporting to be the last will of the testatrix, of date November 27, 1917, together with codicils thereto.

On June 17, 1918, George T. Humphreys, upon the pauper's oath, filed a petition in the probate court of said county against the Bank of Commerce & Trust Company, as executor of said will, in which he alleged the death of the testatrix and the probating of her will of date November 27, 1917; and in said petition averred that he was one of the next of kin and an heir of the testatrix, being her cousin, and that the aforesaid probated will was not the last will and testament of the testatrix, because, at the time of its execution, she was a *non com-*

149 Tenn.—9.

*pos mentis,* without capacity to execute a valid will, and that she was unduly influenced to execute said will by the defendants, John Erskine, Eleanor Erskine, Clara M. Stone, and others named as the principal devisees and legatees therein.

The petition prayed that the executor be summoned to appear and answer said petition, and that on the hearing petitioner be adjudged to be one of the heirs and next of kin of the testatrix, and to have the legal right to contest said will, and that it be certified to the circuit court of Shelby county for contest on an issue of *devisavit vel non.*

The executor answered this petition, admitting the relationship of the petitioner, but denied the averment of the petition to the effect that the testatrix, at the time she executed said will, was a *non compos mentis,* and without capacity to make a valid will.

The answer also denied that the testatrix was induced to make said will by the exercise of undue influence on the part of the devisees and legatees named in said will, or any one else.

In accordance with the prayer of the petition, the will was duly certified by the probate court to the circuit court, to be there contested on the issue of *devisavit vel non,* and on May 28, 1919, there was entered in said contest proceeding in the circuit court a judgment reciting that the case came on to be heard before the court and a jury, and that the jury found the paper writing of November 27, 1917, to be the last will and testament of the deceased, and it was duly set up and established as such.

A motion for a new trial was duly made by Humphreys,

the contestant, which was overruled, and on July 3, 1919, the contestant, Humphreys, appealed from said judgment to the court of civil appeals. That court affirmed the judgment of the circuit court on February 12, 1920, for the want of assignments of error, and it was ordered that *procedendo* issue.

The original bill filed in the present action alleges that, when the contest instituted by Humphreys was certified by the probate court to the circuit court, and the case came on for trial in that court, Humphreys refused to appear and testify, and that no evidence was introduced to establish the averments of his petition; that the attorney for Humphreys asked the court to be permitted to take a nonsuit, but this was refused, and that the presiding judge, after the introduction of the testimony of the attesting witnesses to said will, peremptorily directed the jury to return a verdict declaring the will valid; that an appeal was taken by Humphreys, after his motion for a new trial had been overruled, to the court of civil appeals, where the judgment of the circuit court was affirmed for want of assignments of error, which had not been filed by Humphreys, because a settlement had previously been made with him by the defendant, John Erskine, who was one of the principal legatees and devisees named in said will, and who paid to the said Humphreys the sum of $1,500 in consideration that he abandon his contest of said will, and thus prevent a hearing of the case on the merits. The bill alleges that this was done for the purpose of foreclosing the rights of other interested parties to contest said will, and that it was done without the knowledge of complainants.

The bill further averred that said will of November 27, 1917, was invalid because the genuine signature of the testatrix did not appear thereto, and because of the mental incapacity of the testatrix to make a valid will, and the undue influence exerted upon her by John Erskine and members of his family, who were the principal legatees and devisees named therein.

The bill also alleges that the 'last valid will made by the testatrix was of date February 13, 1914, which was executed by her at a time when she was of sound mind. The bill alleges that under the will of 1914 complainants were left valuable property by the testatrix.

The bill prayed that the executor be enjoined from distributing the estate of the testatrix under the will of November 27, 1917; that the judgment of the circuit court sustaining and adjudging said will valid be adjudged and declared void, upon the ground that it was procured by fraud, and that complainants be permitted to contest the validity of the will of November 27, 1917, in that court.

The bill was sworn to by Annie Gavin Traylor (mother of complainants), who made oath that she was the agent and representative of complainants, and had read the bill, and that the averments contained therein were true to the best of her knowledge, information and belief.

Subsequently, that portion of the prayer of the original bill asking that complainants be permitted to contest the will in the chancery court was amended by striking the same from the prayer.

On June 16, 1921, defendants Bank of Commerce & Trust Company, as executor, John Erskine, Clara M. Stone, Margaret Erskine, and the other defendants to said

bill, answered the same. In their answer they admitted the death of the testatrix, Mrs. Gavin; the probating of the will of November 27, 1917; and the institution of the contest by George T. Humphreys; and that said contest proceeding was certified by the probate court to the circuit court as required by law; and that it was true that the case came on to be tried in the circuit court upon an issue of *devisavit vel non,* but the answer denied that said Humphreys refused to appear in open court and testify in his behalf; admitted that a jury had been impaneled to try the issue presented by the pleadings, but that it was not true that the attorney for Humphreys used every effort to have him testify and to have his witnesses introduced on the trial of the case; that it was true that the circuit court declined to permit the attorney for Humphreys to take a nonsuit after the case had been once postponed at his request and reset for a definite day, which day had been agreed upon as the day on which the case should be tried, after the attorney of Humphreys had asked and been refused a continuance; that on the trial full evidence was introduced by the proponent of said will, and a verdict rendered sustaining said will and codicil as the last will and testament and codicil of the testatrix; and that upon this evidence the trial judge peremptorily instructed the jury to return a verdict sustaining the validity of said will and codicil, there being no countervaling evidence introduced by contestant.

It was admitted that a motion for a new trial was made and overruled by the circuit court, and that an appeal in the nature of a writ of error was taken by Humphreys to the court of civil appeals, and that that court affirmed

the judgment of the circuit court on February 12, 1920, for want of assignments of error. It was admitted that the said Humphreys and defendant, John Erskine, did, upon the urgent insistence of said Humphreys, long after the will had been established in the circuit court, make an agreement of compromise, but, nothwithstanding said compromise, the case was not dismissed on that ground, but was permitted to remain upon the docket of the court of civil appeals until the 12th day of February, 1920, without any action looking to its dismissal or affirmance, thus affording full opportunity to all other persons who might desire to contest the action of the circuit court to file assignments of error; that none being filed, the case was regularly reached on the docket of the court, and was affirmed for want of assignments of error; that the court remained in session until the 21st day of April, 1920, when it finally adjourned, and during all of said time no objections were made by any party or parties to said affirmance, nor was application made to assign error.

The answer denied that either the defendant John Erskine, or any member of his family, or any one else taking under the will and codicil of November 27, 1917, paid to said Humphreys the sum of $1,500, in consideration of his declining to appear on the trial of the issue of *devisavit vel non*, or to prevent in any way a trial on the merits thereof, or for the purpose of having said will illegally probated. On the contrary, said Humphreys had full and ample opportunity to contest said will, and it was proceeded with until the same was probated in solemn form by the verdict of the jury, and the judgment thereon establishing said will and codicil, and no settlement or com-

promise was made with said Humphreys until long there-after, and then only at his urgent insistence, and to prevent further delay in the distribution of said estate.

The answer also denied that the said Humphreys and John Erskine, by themselves, or with others, who took under the will of November 27, 1917, confederated and conspired fraudulently with said Humphreys to institute said suit and permit it to go by default, and thus fraudu-lently defeat the rights of those interested in having a valid will probated; that as a matter of fact the said Hum-phreys brought the suit of his own motion so far as de-fendants were concerned, and that they were at all times, when it was called, ready and insistent for a trial, but at the request of said Humphreys the trial was postponed, and by agreement the case was set for the very day on which it was tried, and the said Humphreys, through his counsel, then endeavored to have it again postponed, not on account of the absence of said Humphreys, but on ac-count of the alleged absence of one Joe Gavin, on account of whose absence it was postponed the first time, and the court declined to again postpone it for this reason; the de-fendants insisting upon a trial. Whereupon, the solicitor for said Humphreys declined to introduce any evidence refuting that which was introduced by the proponent of the will, and which fully established its validity, the trial court very properly directed the jury to return a verdict in favor of its validity, and upon such verdict being re-turned by the jury a judgment was then rendered by the court establishing the will of November 27, 1917, as the last will and testament of Mrs. Gavin.

The answer of defendants further denied that said will

was invalid because not signed by the testatrix, nor was it invalid because of insufficient mental incapacity on the part of the testator to make a valid will, nor was said will procured by undue influence exercised over the testatrix by any of the legatees or devisees named therein, nor by any other person.

The answer also denied that the only valid and legal will executed by the testatrix was the will of February 13, 1914, in which the testatrix devised to complainants valuable property.

On April 29, 1921, Mrs. Minnie C. Cummins filed her petition in said cause, alleging that she was a resident of Shelby county, and that her daughter, Eleanor D. Cummins, was a resident of said county, but had died on March 14, 1921, unmarried, and that on April 28, 1921, petitioner was appointed and duly qualified as the administratrix of her deceased daughter; that the following persons are the distributees of said decedent, viz. the petitioner, Minnie C. Cummins, her sisters, Annie C. McFadden and Kate C. Churchill, and her brother, Edward J. Cummins.

The petition alleged that Mrs. Cummins and her deceased daughter were legatees and devisees under the will of 1914, and, after averring the death of Mrs. Gavin, proceeds then to make averments with respect to the probate of the will of November 27, 1917, in the probate court of Shelby county, the qualification of the executor, and the institution of the contest by George T. Humphreys substantially as stated in the original bill.

It is then averred in said petition that, when said will contest came on to be heard, the said George T. Humphreys, the contestant, failed to appear, and that the de-

fendant, Bank of Commerce & Trust Company, as executor, thereupon introduced the attesting witnesses to the paper writing of November 27, 1917, and that the trial judge directed the jury theretofore selected to return a verdict that the aforesaid paper writing was the last will and testament of the testatrix, Mrs. Gavin; that there was no *bona-fide* contest of said will, the contestant not being present, and there being no evidence introduced in his behalf; that, notwithstanding the fact that there was no contest, and that what was done was merely a re-probate of said will in common form, the trial judge directed the jury to find that the aforesaid paper writing was the last will and testament of Mrs. Gavin, and entered judgment upon said verdict, which judgment upon its face purports to be a judgment *in rem;* that the counsel representing the said Humphreys appealed from said judgment to the court of civil appeals, and, while said cause was pending in said court, defendant, Bank of Commerce & Trust Company, and the persons named as legatees and devisees in said will, paid to said Humphreys $1,000, and delivered to him his promissory note of $———, held by Mrs. Gavin at the time of her death, and paid to his counsel $500 as a fee for his services in said case; that when said case came on to be heard in the court of civil appeals no assignments of error were filed, and the judgment of the lower court was affirmed; that the aforesaid judgment was a sham and a fraud upon the rights of petitioner and her daughter, Eleanor D. Cummins.

The petition contained substantially the same averments as the original bill with respect to the alleged mental incapacity of the testatrix to make a valid will, and also

the averment that said will of November 27, 1917, was
the result of undue influence exerted by John Erskine and
others upon the testatrix.

Said 'petition further avers that the judgment entered
in said will contest case in the circuit court, although pur-
porting to be a judgment *in rem,* was, as heretofore stated,
a perfunctory performance, and not in any sense the re-
sult of a *bona-fide* contest; and, when said case came on
for trial, counsel for the said Humphreys applied for a
continuance in order that he might procure the attendance
of his client and witnesses, but the trial judge refused to
grant his application, and thereupon he withdrew from the
case, and left the courtroom; that subsequently the parties
who signed said paper writing of November 27, 1917, as
attesting witnesses, were introduced, and that thereupon
the trial judge directed the jury to find a verdict estab-
lishing said will as the last will and testament of Mrs.
Gavin, and that judgment was subsequently entered upon
said verdict, by which it was made to appear that there
was a real contest as to the validity of said will, after which
a verdict, as aforesaid, was found, thus making the judg-
ment of the circuit court show that there was a judgment *in
rem* entered on a *bona-fide* contest, whereas it was a mere
perfunctory performance.

The petition prayed that petitioner personally, and as
administratrix of her deceased daughter, be made a party
complainant to the present action, and prayed for sub-
stantially the same relief that is asked for in the original
bill.

There was an order by the court, upon petitioner filing a
bond for costs in said cause, making her a party com-

plainant, both in her own right and as administratrix of the estate of her deceased daughter.

On May 23, 1921, complainants filed an amended and supplemental bill, in which they alleged that, since the answer of the defendants to the original bill was filed, a great deal of proof had been taken, and that the original will executed by Mrs. Gavin on February 13, 1914, which complainants believed had been lost, had been found to have been taken from the home of said testatrix, shortly after her death, by defendant Eleanor Erskine, and to have been kept in her possession and in the possession of defendant John Erskine without the knowledge of complainants until the ——— day of ———, 19—, when the said John Erskine admitted in his deposition that he had taken possession of said will, and delivered same to his counsel at Greenwood, Miss., where it was then.

It was further alleged in said amended and supplemental bill that on May ———, 1921, all of the complainants had filed their petition in the probate court of Shelby county, in which they averred that they were the legatees and devisees under the will of Mrs. Gavin, of date February 13, 1914, and alleged that her will of November 27, 1917, was not valid, because, at the time she was of unsound mind, and was unduly influenced to execute the same. The amended and supplemental bill also alleged that the judgment of the circuit court in the case of *Bank of Commerce & Trust Company* v. *Humphreys* was not a *bona-fide* judgment, and it prayed that the will might again be certified to the circuit court, to be there contested on a *bona-fide* issue of *devisavit vel non*.

On June 14, 1921, defendants filed their answer to the

petition of Mrs. Cummins, admitting the death of her daughter, Eleanor D. Cummins. The answer admitted the execution by Mrs. Gavin of the will of February 13, 1914, and that she made the devises and bequests to the petitioner and her daughter as set out in her said petition. The answer denied the averments of fraud made by the petition with respect to the probation of the will of November 27, 1917, and the judgment obtained in the circuit court in the case of *Bank of Commerce & Trust Company, executor,* v. *George T. Humphreys,* and asserted that the judgment of the circuit court entered in said case was a judgment *in rem* and the result of a *bona-fide* contest, and said judgment was relied on as a bar to the prosecution of the present action by petitioner in her own right, and as administratrix of her deceased daughter.

On June 24, 1921, defendants filed an answer to the amended and supplemental bill filed by complainants; the allegations of which have hereinbefore been referred to. The answer denied any intention whatsoever upon the part of John Erskin, or the other defendants, to conceal from complainants the whereabouts of the will of February 13, 1914, and asserted that it was always available and at the command of any party who had a right to see it, and that the fact that it was not in the possession of complainants was wholly immaterial, as complainants knew that said will was executed by the testatrix.

The answer reaffirms all the statements and averments of the answer to the original bill, and asked that they be treated as an answer to the amended and supplemental bill.

Complainants filed exceptions to portions of the answers

of defendants to the original bill and to the amended and supplemental bill, and to the answer to the petition of Minnie C. Cummins, wherein said answers denied the charge that Mary A. Gavin was of unsound mind at the time she executed the will of November 27, 1917, and that she was unduly influenced by defendants named to execute said will, upon the ground that the averments of the aforesaid answers were not pertinent to the issue involved for the reason that the mental capacity of testatrix to execute said will, and whether undue influence was exerted upon her to procure its execution, and the validity of said will, were matters which the chancery court had no jurisdiction to determine.

Complainants also excepted to all evidence offered by defendants tending to show the mental capacity of the testatrix, and tending to show that undue influence was exerted upon her to procure the execution of the will of November 27, 1917. These exceptions were overruled by the chancellor.

At the hearing, and before the entry of the final decree, but after the chancellor had announced his decree, complainants asked to be permitted to amend the prayers of the original and amended and supplemental bills, so as to pray that the judgment of the court of civil appeals affirming the judgment of the circuit court for want of assignments of error be set aside.

The chancellor denied this application, and a decree was finally entered in the cause, adjudging that complainants were not entitled to the relief sought by their bill, and dismissed the same; the effect of which holding was to sustain the judgment of the circuit court sustain-

ing the will of November 27, 1917, as the last will and testament of Mrs. Gavin.

From this decree complainants appealed to the court of civil appeals. That court affirmed the decree of the chancellor, and the cause is now before this court upon writ of *certiorari* sued out by complainants, and for review.

By their first assignment of error complainants insist that the court of civil appeals erred in refusing to hold that the judgment of the circuit court purporting to probate the will of November 27, 1917, in solemn form, was a fraud, and therefore void.

The ground of this insistence is that there was no *bona fide* contest of that will in the circuit court in the case of *Bank of Commerce & Trust Company, executor,* v. *George T. Humphreys;* that no evidence was introduced by the contestant, and the only evidence introduced was the testimony of the attesting witnesses to the will introduced by the proponent, whereupon the trial judge instructed the jury to return a verdict in favor of the validity of the will; that this was a fraud upon complainants, because, upon its face, it purported to be a probate in solemn form, and therefore a judgment *in rem,* whereas it was a mere re-probate in common form, and a useless proceeding.

The evidence shows that, when the case of *Bank of Commerce & Trust Company, executor,* v. *George T. Humphreys* was called for trial in the circuit court, Mr. Knipmeyer, representing contestant Humphreys, sought a continuance, on the ground that contestant could not go to trial without the testimony of one Joe Gavin. This application was resisted by counsel representing plaintiff. A postponement, however, was finally agreed to by exchang-

ing or swapping places with another case on the docket, which was due to be heard in said court a month or two later, upon an agreement that contestant would take the deposition of Mr. Gavin, and that the case would be tried when reached on the next call. The attorneys representing the proponent proposed to counsel for contestant to waive notice, and take the deposition of Mr. Gavin, but this proposition was not accepted, and the deposition of Mr. Gavin was not taken. When the case was again reached and called for trial, the contestant, George T. Humphreys, was not present, and counsel representing him again asked a continuance (not on account of the absence of Humphreys), but on account of the absence of the witness Gavin. This application was resisted and overruled. Counsel for contestant then moved the court for a nonsuit. This motion was denied, and the court ordered that the case be tried. Whereupon counsel representing contestant refused to offer any proof, and asked permission of the court to withdraw from the courtroom. This permission was first refused by the court, but was afterwards granted, and counsel withdrew. The trial of the case was proceeded with; the proponent of the will of November 27, 1917, introducing the evidence of the attesting witnesses, which tended to establish it as the last will and testament of Mrs. Gavin, the testatrix, and after said evidence had been introduced, and no countervailing evidence had been offered by contestant, the trial judge instructed the jury to return a verdict in favor of the validity of the will, which was done. Thereafter, counsel for the contestant appeared in court, and seasonably, made a motion for a

new trial, which was overruled, and an appeal was prayed, granted, and perfected to the court of civil appeals.

Some six weeks after this appeal had been perfected by contestant to the court of civil appeals, he proposed a compromise of the case with the defendant John Erskine, one of the principal devisees of the will of November 27, 1917, and a compromise was finally effected by the contestant being paid the sum of $1,500, and the surrender of a note of $1,200, which the testatrix held against Humphreys at the time of her death. This settlement was later reported to Mrs. Annie Gavin Traylor, the mother of the original complainants to the present action. The executor of the will was not a party to this compromise, and did not undertake to distribute the estate until the appeal to the court of civil appeals was disposed of, which was on February 12, 1920. On that date the case was finally reached by the court of civil appeals on its docket, and no assignments of error having been filed by the contestant, or other parties interested, the judgment of the circuit court was affirmed, and the court remained in session thereafter until April 21, 1920, without any effort being made by any one to set aside the judgment of affirmance, or without making application to be allowed to file assignments of error. The court of civil appeals adjourned on April 21, 1920, and though the time for filing a writ of error did not expire until June 14, 1921, no such writ was ever applied for. The undisputed proof, therefore, shows that contestant was given ample opportunity to prosecute his contest in the circuit court. The case had been reset in that court for his accommodation, and in order that he might procure the testimony of the witness

Larus v. Bank of Commerce & Trust Co.

Gavin, which he did not attempt to do, and it was agreed that the case would be tried on the date to which it had been postponed. The court was therefore within its rights when it refused to grant contestant a second continuance on account of the absence of the witness Gavin; and, when the court declined to grant contestant another continuance or postponement on account of the absence of this witness, he nor his counsel could not prevent a trial of the case by withdrawing from the courtroom and refusing to introduce any testimony. If such a result could be accomplished by counsel, the trial of a case could be prevented at counsel's pleasure, and it would practically be impossible for the courts to proceed with the trial of cases.

'Upon evidence being introduced by proponent which established the will of November 27, 1917, as the valid last will and testament of Mrs. Gavin, it was entirely proper for the trial judge to direct the jury to return a verdict in favor of the validity of the will, no countervailing evidence having been introduced by contestant. Counsel for contestant, evidently recognizing that the judgment rendered on the verdict of the jury would be binding on contestant, unless reversed by the appellate court, afterwards came into court and made a motion for a new trial, and on the motion being overruled, prayed, was granted, and perfected an appeal to the court of civil appeals from said judgment. Some six weeks later, as before stated, contestant compromised the case with one of the principal devisees of the will, abandoned the contest, and did not file any assignments of error. When the case was reached on the docket of the court of civil appeals, the

149 Tenn.—10.

judgment of the circuit court was affirmed, and, notwithstanding the court of civil appeals was in session for more than two months after the affirmance of the judgment, no effort was made by any of the parties now complaining to have the judgment of affirmance set aside and to file assignments of error, which they would have had the right to do.

It will be seen that these facts, which are unquestionably established by the proof, do not support the allegations of complainants' bill. A court of equity has unquestioned jurisdiction to set aside a judgment of the circuit court when it is obtained by fraud. *John* v. *Tate,* 7 Humph., 388; *Smith* v. *Harrison,* 2 Heisk., 230; *State* v. *Lancaster,* 119 Tenn., 638, 105 S. W., 858, 14 L. R. A. (N. S.), 991, 14 Ann. Cas., 953.

The charge in the bill that there was a settlement between John Erskine, and members of his family, and the contestant Humphreys before the verdict and judgment in the Humphreys Case was denied by defendants. The proof not only failed to sustain this charge, but indisputably established the fact that there was no settlement with Humphreys until the lapse of some six weeks after the rendition of the judgment in the circuit court, and after the case had been appealed by Humphreys to the court of civil appeals. Therefore, the charge of fraudulent collusion with Humphreys for the purpose of concluding the rights of other interested parties to contest said will of 1917 was not shown to be true. The fact that the circuit court refused to permit contestant to take a voluntary nonsuit, after which his counsel withdrew from the courtroom, and was absent during the hearing of the testimony of the

attesting witnesses to the will, was not sufficient to prevent the court from proceeding with the case to final judgment, as was done. We are furthermore of the opinion that this judgment constitutes a bar to any subsequent contest of the will of November 27, 1917.

It was held by the court of civil appeals in the case of *A. G. Jones, next friend, etc.,* v. *W. R. Chambers, executor,* from Wilson county, in an opinion rendered on November 29, 1919, that, after a will has been certified to the circuit court for contest, and the issues have been made up, the contestant cannot dismiss the suit or withdraw from the case over the objection of the proponent, and thereby prevent the proponent from having the issue as to the validity of the will determined by verdict and judgment in said proceeding. This holding of the court of civil appeals in the case referred to was later affirmed by this court.

There was also a similar holding by the court of civil appeals in the case of *Roena Dulaney Boyd, executrix,* v. *Mollie Susong,* from Knox Equity, at its Knoxville term, 1921. There was no petition for writ of *certiorari* in the latter case. Copies of the opinions in these cases are before the court, and have been examined, and we are entirely satisfied with the holding of the court announced in them.

In *Collins* v. *Collins,* 125 N. C., 98, 34 S. E., 195, this question is discussed as follows:

"This is a proceeding *in rem,* and the statute confers jurisdiction on the clerk and court. There are no parties, strictly speaking, certainly none who can withdraw or take a nonsuit, and thus put the matter where it was at the start, as in actions between individuals. A nonsuit

in the latter case affects no one but the litigants; in the former, creditors, legatees, and distributees are interested, and they are stayed until the question of testacy or intestacy is determined. The court having jurisdiction, public policy and our statutes require that this preliminary question should be determined as soon as practicable, and require the court to do it, regardless of objecting persons."

To the same effect is the rule announced in *Hutson* v. *Sawyer*, 104 N. C., 1, 10 S. E., 85; *Bennett* v. *Bennett*, 106 Md., 122, 66 Atl., 706, 19 L. R. A. (N. S.), 121; *Benoist* v. *Murrin*, 48 Mo., 48; *McMahon* v. *McMahon*, 100 Mo., 99, 13 S. W., 208; *Bradford* v. *Blossom*, 207 Mo., 177, 105 S. W., 289; *Cash* v. *Lust*, 142 Mo., 630, 44 S. W., 724, 64 Am. St. Rep., 576; *Bradford* v. *Andrews*, 20 Ohio St., 208, 5 Am. Rep., 645; *Lane* v. *Hill*, 68 N. H., 275, 44 Atl., 393, 73 Am. St. Rep., 591.

It is well settled in this State that in all cases of contested wills the circuit court is the court of probate, and in forming an issue on the validity of the will all persons interested either for or against it have the right to be made parties, the proceeding being *in rem*, and the judgment is binding on all persons, whether parties to the record or not. *Patton* v. *Allison*, 7 Humph., 320; *Hodges* v. *Bauchman*, 8 Yerg., 186; *Fry* v. *Taylor*, 1 Head, 594; *Martin* v. *Stovall*, 103 Tenn., 1, 52 S. W., 296, 48 L. R. A., 130.

Complainants in the suit at bar rely on the unreported case, decided by this court in 1909, of *Sophie Lowenstein et al.* v. *Louis Marshall et al.*, in which a memorandum opinion was prepared and filed at its Jackson term, to support their contention that the probate of the will under

consideration was obtained by fraud and did not amount to a probate in solemn form. In the Lowenstein Case the facts were that the proponents settled with the parties named on the record as the contestants by paying them the estimated sums which they would receive if the will should be set aside, and by a collusive agreement between the proponents and contestants a verdict and judgment was thereafter entered, as if on a trial of the issue. This was held to be an actual fraud which afforded a sufficient ground to set aside the judgment thus entered upon a bill filed by other parties who would be entitled to contest said will but for said fraudulent judgment. No such state of facts is shown in the instant cause. Therefore, the holding of this court in the case of *Lowenstein et al.* v. *Marshall et al.*, supra, is not controlling, and for the reasons hereinbefore stated we hold that there was no fraud in the procurement of the circuit court judgment in the case of *Bank of Commerce & Trust Company, executor,* v. *George T. Humphreys.*

By the second assignment of error it is insisted that the court of civil appeals erred in refusing to find and hold that the judgment entered in that court on February 12, 1920, affirming the judgment of the circuit court was a fraud.

It is insisted by complainants that the court of civil appeals should have set its judgment aside, for the reason that it purported to be an affirmance of the judgment of the circuit court, when at the time there was no lawsuit pending in the court of civil appeals, and consequently it had no jurisdiction.

The proof shows that defendant John Erskine made, a

settlement with the contestant Humphreys in July, 1919, which was long after the circuit court judgment was rendered on May 28, 1919, and after Humphreys had perfected his appeal in error from said judgment. There was no concealment of this settlement by defendant Erskine. The active agent and representative of the two original complainants in the present action, in respect to their interest in the estate of Mrs. Mary A. Gavin, was Mrs. Annie Gavin Traylor, their mother, and as evidence that there was no purpose or effort on the part of the proponent of the will of November 27, 1917, to conceal or suppress the truth concerning said compromise with Humphreys, it appears that in September, 1919, the proponent (Bank of Commerce & Trust Company, executor), wrote Mrs. Annie Gavin Traylor a letter, which she received, giving her full information concerning the settlement with George T. Humphreys. The case pended on the docket of the court of civil appeals until February 12, 1920, when the judgment of the circuit court was affirmed for want of assignments of error. It is well settled that all parties who would be concluded by a judgment on an issue of *devisavit vel non* are entitled to prosecute a writ of error, although not parties of record. *Linch v. Linch,* 1 Lea, 527.

For the same reason it is clear that all parties who would be concluded by such judgment are entitled to file assignments of error in the appellate court. The assertion by counsel for complainants that, after the settlement with Humphreys in July, 1919, there was no lawsuit pending in the court of civil appeals is not well grounded. It does not take into consideration the fact that the con-

test of a will is an action *in rem,* and that the abandon-ment of the contest by one contestant does not necessarily end the lawsuit so long as there are others having an in-terest who may intervene if they desire. While it is the duty of the executor, as the proponent of the will, to con-duct the litigation honestly, fairly, and openly, it is like-wise the duty of the proponent, in the interest of all in-terested parties, to use all reasonable efforts, consistent with good faith, to procure a final probate of the will. This was all that the executor did in the cause under con-sideration, so far as the record discloses.

By the third assignment of error complainants insist that the court of civil appeals erred in failing to find that the compromise between the contestant, Goerge T. Hum-phreys, and the defendant John Erskine, without notice to complainants, whereby the appeal was abandoned, was a fraud.

This assignment has been substantially disposed of in what we have had to say in disposing of the second as-signment, except that we might add that the duty did not rest upon the executor to notify complainants that Humphreys had abandoned his contest, in order that they might take it up where he left it off.

By the fourth assignment of error it is insisted that the court of civil appeals erred in failing to find that the con-cealment by defendants from complainants of the will exe-cuted by Mrs. Gavin in 1914 was a fraud upon them.

The reasons given in support of this assignment of er-ror are as follows:

"The right of petitioner and her intestate to contest the will of November 27, 1917, was based upon their legacies

and devises in the will of 1914. They were not heirs or next of kin of the testatrix, and therefore as such could not maintain a contest. By concealing from them the existence of the will of 1914 and the provisions it made for them, they were prevented from instituting a contest of said will, or from becoming parties to the suit of *Bank of Commerce & Trust Company* v. *Humphreys,* and from appealing or suing out a writ of error from the judgment entered in the circuit court, apparently probating said will in solemn form."

There is no evidence in the record to support this assignment of error. Complainants knew that the testatrix had made the will of 1914, and knew that they had been bequeathed property in said will, and knew of these bequests to them before the Humphreys contest was instituted. The proof shows that Mrs. Annie Gavin Traylor had a copy of the will of 1914, and was fully advised of its contents, and Mrs. Minnie C. Cummins expressly admits on her cross-examination that she was informed as to said will shortly after the death of Mrs. Gavin, was also informed that she was named as one of the legatees in said will. It is true that Mrs. Cummins testified that she did not know of the whereabouts of the will of 1914, and did not know that it was still in existence, but she does not claim that any one told her that it was not still in existence. She says that she just naturally supposed that the will of 1914 had been destroyed until in January, 1921, when she was told by Mrs. Traylor that said will of 1914 was still in existence. Furthermore, the record does not show that complainants made the slightest effort to ascertain the whereabouts of the will of 1914, and there is no

evidence of an intention on the part of the defendants to conceal its whereabouts. Since complainants knew of the execution of the will of 1914, and were advised of its provisions, it was not essential to the assertion of their rights thereunder that said will still be in existence, or its whereabouts known to them. Under such circumstances, it could have been set up as a lost or suppressed will. If the testatrix did not have sufficient mental capacity to make a will in 1917, she did not have sufficient mental capacity to revoke a former will. Therefore we are wholly unable to see how complainants were prejudiced by their lack of knowledge as to the whereabouts of the will of 1914. The facts are that Miss Clara M. Stone found the will of 1914 among Mrs. Gavin's papers soon after her death, and turned it over to Miss Eleanor Erskine, who in turn delivered it to the defendant, John Erskine, who turned it over to his attorneys in Greenwood, Miss., and, upon the very first inquiry from complainants, or their counsel, about it, it was produced by Mr. Erskine. We find, therefore, that there was no attempt upon the part of the defendants to suppress or conceal from complainants the will of 1914.

By the fifth assignment of error it is insisted by complainants that the court of civil appeals erred in refusing to sustain complainants' exception to the answers filed by defendant to the original and the amended and supplemental bills, and to the petition of Mrs. Minnie C. Cummins, wherein it was averred in said answers that, at the time of the execution of the will of November 27, 1917, Mrs. Gavin was of sound mind, and that no undue in-

fluence was exercised or exerted upon her to procure the execution of said will.

By the sixth assignment of error it is insisted that the court of civil appeals erred in refusing to sustain the exceptions of complainants to the evidence tending to show the mental capacity of the testatrix, and the lack of undue influence exerted upon her to procure the execution of the will of November 27, 1917.

These two assignments will be considered together. We are of the opinion that the averments of the answers to the effect that the testatrix was mentally capable of executing the will of November 27, 1917, and that said will was not the result of undue influence exerted upon her by defendants, or some of them, were immaterial to the issues involved in the present action, as was also the evidence introduced by defendants, which is complained of in complainants' sixth assignment of error. However, it appears that complainants had tendered this issue in their bill, and it was, perhaps, in response to the allegations of the bill that the averments in defendants' answers were made, and the evidence complained of introduced on the trial. Complainants had introduced evidence of mental incapacity on the part of the testatrix to make the will of November 27, 1917, and complainants could not seek the benefit of this evidence and at the same time deprive defendants of the right to introduce counter-evidence. *Thomas* v. *State,* 121 Tenn., 83, 113 S. W., 1041, 130 Am. St. Rep., 756. Therefore, the chancellor did not commit error in overruling complainants' exceptions to the answers of defendants and the evidence complained of.

By their seventh assignment of error complainants in-

sist that the court of civil appeals erred in refusing to hold that complainants should have been permitted to amend the prayers of their original and amended and supplemental bills so as to pray specifically that the judgment of the court of civil appeals be decreed fraudulent and set aside.

It is a sufficient answer to this assignment to say that there were no averments in the original or amended and supplemental bills that warranted such an amendment. Furthermore, if the judgment of the court of civil appeals affirming the judgment of the circuit court in the Humphreys Case had been set aside, it would not have availed complainants, because the judgment of the circuit court would have been left in full force and effect.

By the eighth assignment of error complainants insist that the court of civil appeals erred in finding that complainants had knowledge of the existence of the will of 1914, and of the legacies provided therein for them, and that their not having knowledge of the whereabouts of the will of 1914 was not essential.

A sufficient answer to this assignment of error is that the court of civil appeals did not find that complainants had knowledge of the existence of the will of 1914, but found that they knew of the execution of the will of 1914 by Mrs. Gavin, and were advised that they were named as legatees in said will, and that therefore knowledge on their part of the whereabouts of said will was not essential to the assertion of their rights under the same.

By the ninth assignment of error it is insisted that the court of civil appeals erred in finding that the will of 1914

was not concealed from complainants. It is insisted that there is no evidence to support this finding.

We have heretofore discussed this question in disposing of the fourth assignment of error, and have clearly indicated our views on it. Therefore no further discussion is necessary.

By the tenth assignment of error it is insisted that the court of civil appeals erred in finding that the settlement made with Humphreys, without notice to complainants, was not a fraud upon them, and that there was no concealment of the same.

We have already disposed of the question presented by this assignment of error in our discussion of a previous assignment of error. Therefore we will not discuss it here, except to say that the finding of the court of civil appeals is sustained by the evidence.

The eleventh and twelfth assignments of error have already been disposed of, in effect, in disposing of previous assignments of error, and no further discussion of them is necessary.

It results that we find no error in the judgment of the court of civil appeals, and it is affirmed, with costs.

### APPENDIX.

Since the opinion, to which this appendix is attached, was prepared and handed down, our attention has been called to two additional assignments of error contained in a supplemental brief filed by complainant Mrs. Minnie C. Cummins. These assignments are to the effect that the judgments of the circuit court and the court of civil appeals in the case of *Bank of Commerce & Trust Company, executor,* v. *George T. Humphreys,* were in violation of

the due process clauses of the Federal and State Constitutions.

This question was not raised by complainant in her petition filed in the present action.  It is raised for the first time by assignments of error in this court.

The contention that said judgments were in violation of the due process clauses of the Federal and State Constitutions could be true only upon the ground that complainant was prevented from becoming a party to the contest proceedings in the case of *Bank of Commerce & Trust Company, executor,* v. *George T. Humphreys,* by the fraud of defendants, and it has been found that the allegations of fraud alleged in her petition are not supported by the evidence.  These assignments of error are therefore overruled.